UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG-BAO OU-YOUNG,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF SANTA CLARA, ET AL.,<br><br>　　　　Defendants. | Case No.: 21-CV-07922-YGR<br><br>**ORDER DENYING MOTIONS FOR ORDERS TO SHOW CAUSE AND TO VACATE PRE-FILING SCREENING ORDERS**<br><br>Re: Dkt. Nos. 23, 25 |

*Pro se* plaintiff Kuang-Bao Paul Ou-Young has filed two motions styled as Motions for Order to Show Cause and to Vacate Orders. (Dkt. Nos. 23, 25.) These motions seek to vacate the pre-filing review order issued by Judge Edward M. Chen in Case No. 13-cv-4442-EMC as well as the pre-filing screening order issued by Judge Beth Labson Freeman in Case No. 19-cv-7000-BLF. Both orders impose pre-filing screening requirements on plaintiff based upon his record of filing frivolous and vexatious lawsuits throughout the district. As a vexatious litigant, plaintiff has sought to vacate these screening orders before other judges in this district and his requests have been denied. *See, e.g.*, *Ou-Young v. Leavy*, No. 5:19-cv-07232-EJD, 2020 U.S. Dist. LEXIS 58346, at *1-4 (N.D. Cal. Apr. 2, 2020). Plaintiff has already been instructed that a district court has no authority to vacate judgment of a closed case before another district judge. The law and facts have not changed. The Court finds plaintiff's efforts to relitigate these issues here improper and his requests to have those orders set aside are **DENIED**.

To the extent plaintiff requests an order to show cause against the judges based upon the screening orders, there is no private right of action under criminal statutes such as 18 U.S.C. § 242. *See, e.g.*, *Hawthorne v. Kernan*, No. 17-cv-04960-HSG, 2020 WL 6891819, at *2 (N.D. Cal. Nov. 24, 2020); *Gavin v. City & Cnty. of San Francisco*, No. 15-cv-05202-EMC, 2015 WL 7272678, at *2

(N.D. Cal. Nov. 18, 2015).  There is also no private right of action under 42 U.S.C. § 1987. *See, e.g.*, *Brink v. Herron*, No. CV 20-01097-PHX-SPL (DMF), 2020 WL 5240245, at *2 n.1 (D. Ariz. Aug. 7, 2020); *Hedges v. Wesley*, 2:15-cv-00713-CAS (SSx), 2015 WL 470379, at *3 n.1 (C.D. Cal. Feb. 3, 2015).  Furthermore, as plaintiff knows by now, judges are "absolutely immune from civil liability for their judicial acts." *Adams v. Committee on Judicial Conduct & Disability*, 165 F. Supp. 3d 911, 921 (N.D. Cal. 2016).  Therefore, plaintiff's requests for orders to show cause are **DENIED**.

Finally, there is no basis to disturb Judge Chen's order staying the time defendants have to answer plaintiff's complaint while this Court's pre-filing review is pending.  Plaintiff has filed dozens of lawsuits since the pre-filing screening orders have been put into place.  The stay serves judicial economy and mitigates any prejudice to the defendants in responding to vexatious lawsuits.  Good cause is readily apparent.  Plaintiff's motion to vacate the stay is **DENIED**.

This terminates Docket Nos. 23 and 25.[1]

**IT IS SO ORDERED**.

Dated: November 9, 2021

YVONNE GONZALEZ ROGERS
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.  The hearings set for December 7, 2021 and December 14, 2021 are **VACATED**.

2