UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KUANG-BAO OU-YOUNG,**<br><br>　　Plaintiff,<br><br>　　vs.<br><br>**COUNTY OF SANTA CLARA, ET AL.,**<br><br>　　Defendants. | Case No.: 4:21-CV-07922-YGR<br><br>**ORDER TO SHOW CAUSE RE: ORDER OF DISMISSAL FOR FAILURE TO STATE A CLAIM** |

　　This case came before the undersigned after the general duty judge issued an order recusing himself from this case. Pending before the Court is plaintiff's first amended complaint for prefiling screening. Having carefully reviewed the record, the pleadings, and for the reasons set forth more fully below, plaintiff is **HEREBY ORDERED to show cause in writing no later than January 28, 2022** why this case should not be dismissed for failure to state a claim upon which relief may be granted. The writing must not exceed 15 pages. If plaintiff fails to respond, the undersigned will summarily dismiss this case without leave to amend on the basis that plaintiff cannot possibly win.

**I.　BACKGROUND**

　　Plaintiff has been declared a vexatious litigant and must obtain leave before lawsuits involving certain parties or statutes. In particular, plaintiff "must obtain leave of court before filing any further suits alleging any violations of the federal criminal statutes pursuant to 18 U.S.C. § 1512(b), 18 U.S.C. § 1512(c), and 18 U.S.C. § 371, and the FTCA, codified at 28 U.S.C. § 2671 *et seq.*, involving parties that he named in the current case, or *Ou-Young I*, *Ou-Young II*, *Ou-Young III*, and *Ou-Young IV*, previously filed in this Court." *See* Order Granting United States' Motion to

Dismiss and Declaring Plaintiff a Vexatious Litigant, Case No. 13-cv-04442, Dkt. No. 40 ("First Vexatious Litigant Order"). Plaintiff must also seek leave before filing any complaint against federal judges. *See* Order Requiring Pre-Filing Review, Case No. 19-cv-07000-BLF, Dkt. No. 26 ("Second Vexatious Litigant Order").

Since the vexatious litigant orders were implemented, plaintiff has continued to file frivolous lawsuits in violation of the screening orders. In many of the lawsuits, plaintiff adds new theories and defendants in order to evade the application of the orders. On March 24, 2021, plaintiff filed his "First Amended Complaint" in state court naming 108 defendants. (Dkt. No. 1.) The complaint names federal and state officials, judicial officers, court personnel, officers of the court, federal and state employees, and businesses. On October 8, 2021, various federal defendants removed this action and notified the Court of the applicability of the First and Second Vexatious Litigant Orders. (*Id.*)

The first amended complaint takes a shotgun approach to pleading and fails to point to any causal connection between the various factual events as alleged. These events range from his employment, the fraudulent transfers of property, prior lawsuits where plaintiff was a party, various appointments to public office, elections, and impeachment trials. Notably, plaintiff's complaint alleges claims against numerous federal judges as well as defendants named in his prior lawsuits, including: Chief Justice John G. Roberts, Jr., former Attorney General Eric H. Holder, Jr., former Solicitor General Donald B. Verrilli, Judge Lucy Koh, former Assistant United States Attorney James A Scharf, and former United States Attorney Melinda Haag. Therefore, both the First and Second Vexatious Litigant Orders apply.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Furthermore, with proper notice "[a] trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6)." *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015); *Reed v. Lieurance*, 863 F.3d 1196, 1207-08 (9th Cir. 2017) ("[W]e will uphold a *sua sponte* dismissal without leave to amend only where the plaintiff cannot possibly win relief." (internal quotations and citation omitted)).

"To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In deciding whether the plaintiff has stated a claim, a court must assume that the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor.  *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks omitted).  Leave to amend must be granted to a *pro se* litigant unless it is clear that the complaint's deficiencies cannot be cured by amendment.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

### III. DISCUSSION

While plaintiff may not agree with the following basic legal principals, settled law bars his claims:

**First,** as a general matter, "[j]udges are **absolutely immune** from civil liability for damages for their judicial acts." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987) (emphasis supplied).  Court personnel also have absolute quasi-judicial immunity for performing acts that are "an integral part of the judicial process." *Id*. at 1390.  This has been extended to clerks of the court: "[t]he clerk of the court and the Circuit Executive are immune from suit under quasi-judicial immunity when they are engaged in such functions as '[t]he filing of exhibits and the processing of a request to withdraw an appeal[,] . . . tasks that are necessary to the judicial process.'" *Adams v. Comm. on Judicial Conduct & Disability*, 165 F. Supp. 3d 911, 923 (N.D. Cal. 2016) (citation omitted); *see also In re Castillo*, 297 F.3d 940, 952-53 (9th Cir. 2002) (extending immunity to clerks and non-judicial officers and finding that clerks were immune when conduct concerned giving notice and scheduling hearings on the basis that that they are essential parts of the adjudicatory process).  "The doctrine of absolute and quasi-absolute judicial immunity is expansive.  Grave errors or malicious act alone, or even an improper conspiracy by judicial officers,

do not tear asunder this immunity." *Sanai v. Kozinski*, No. 4:19-cv-08162-YGR, 2021 WL 1339072, at *9 (N.D. Cal. Apr. 9, 2021).

Plaintiff's claims against judges are all based upon judicial acts in connection with his various lawsuits, including the issuance of orders. **All of the judges** named in the first amended complaint are absolutely immune from suit. Similarly, plaintiff's claims against court personnel as alleged arise out of their tasks in furtherance of the judicial process, such as issuing court documents and assigning cases. **All of the federal court personnel** are absolutely immune based upon quasi-judicial immunity. Indeed, plaintiff's complaint concedes that many of the defendants "behaved under color of quasi-judicial immunity" or "under color of judicial discretion." (*See, e.g.*, Compl. ¶¶ c1-c6, c9-c10, c12-c13, c19).

**Second,** prosecutors are also protected by absolute immunity for acting in their capacity as advocates. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("We hold only that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from civil suit for damages[.]"); *Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 643 (9th Cir. 1999) ("A prosecutor performing an advocate's role is an officer of the court entitled to absolute immunity.") Based upon a review of the first amended complaint, plaintiff's claims against the various U.S. Attorney's Office employees arise from or relate to actions taken in connection with their prosecutorial discretion, including whether to initiate criminal proceedings. Plaintiff has not alleged any facts to support a plausible inference that any of these defendants acted outside of their discretion. The same analysis applies to state and county prosecutors. Indeed, in many instances the first amended complaint concedes that individuals acted "under color of prosecutorial discretion." (*See, e.g.*, Comp. ¶¶ c8, c11, c18.) Accordingly, as alleged, the various federal, state, and county prosecutors have absolute immunity.

**Third,** "[t]he absolute immunity of legislators, in their legislative functions . . . is well settled." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Presidents are also absolutely immune from damages liability for claims upon official acts. *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982). Other public officials are also entitled to qualified immunity from civil liability so long as **"their**

4

**conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."** *Harlow*, 457 U.S. at 818 (emphasis supplied).

Plaintiff's first amended complaint raises claims against dozens of members of congress based upon what appears to be votes that they made in their capacities as legislators. No facts support a claim against them and they have absolute immunity for their actions taken as legislators. Plaintiff also does not allege any facts to support a claim against a current or former president. They too have absolute immunity. Finally, plaintiff does not plausibly allege that any remaining public official violated clearly established statutory or constitutional rights to overcome qualified immunity. Again, plaintiff concedes on several occasions that acts were "under color of legislative immunity" or "executive discretion." (*See, e.g.*, Compl. ¶¶ c4-c5, c7, c9-c10, c13-c14-c17, c20-c21.)

**Finally,** the first amended complaint identifies additional defendants, including: Google, Inc., Facebook, Inc., Twitter, Inc., and Santa Clara County and its employees. Even liberally construing the complaint in light of plaintiff's *pro se* status, the first amended complaint fails to state any plausible facts or cognizable claim against the remaining defendants. In addition to the myriad deficiencies above, plaintiff's first amended complaint raises nineteen causes of action that seek to hold the defendants liable for alleged violations of perjury. No statute is identified, however, liberally construing the complaint, the Court understands this to be based upon 18 U.S.C. § 1621. This statute provides no basis for civil liability. *See, e.g.*, *Duffy v. Alameda Cty. Dist. Attorney's Office*, No. 16-CV-5601-PJH, 2017 WL 2591286, at *3 (N.D. Cal. June 15, 2017) (holding that 18 U.S.C. § 1621 does not provide a private right of action).

### IV. CONCLUSION

Based upon the foregoing, the Court is inclined to dismiss this case with prejudice. Amendment appears to be futile and there is no possibility that plaintiff can prevail based upon his complaint.

That said, plaintiff may provide a written statement, no longer than 15 pages, by **no later than January 28, 2022** explaining why this case should not be dismissed for failure to state a claim upon which relief may be granted given the well-established law cited above. The Court will not

consider argument seeking to vacate the prefiling order on the grounds that law of the case has been established on this point.

**IT IS SO ORDERED**.

Dated: December 21, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**